**Peter M. ("Mac") Lacy** (OSB # 01322)
Oregon Natural Desert Association
917 SW Oak Street, Suite 419
Portland, OR 97205
(503) 525-0193
lacy@onda.org

**David H. Becker**  (OSB # 081507)
Law Office of David H. Becker, LLC
833 SE Main Street #302
Portland, OR 97214
(503) 388-9160
davebeckerlaw@gmail.com

**Laurence ("Laird") J. Lucas**, *pro hac vice*
P.O. Box 1342
Boise ID  83701
(208) 424-1466 (phone and fax)
llucas@lairdlucas.org

Attorneys for Plaintiffs

JEFFREY H. WOOD
Acting Assistant Attorney General

**DEDRA S. CURTEMAN**
(Illinois # 6279766)
Trial Attorney, Natural Resources Section
Environment and Natural Resources Division
Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0446 / Fax: (202) 305-0506
dedra.curteman@usdoj.gov

Attorneys for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N** and **AUDUBON SOCIETY OF PORTLAND**,<br><br>Plaintiffs,<br><br>v.<br><br>**RYAN ZINKE, Secretary of the Interior** and **BUREAU OF LAND MANAGEMENT**,<br><br>Defendants,<br><br>and | No. 3:12-cv-596-MO<br><br>**STIPULATED ORDER AND SETTLEMENT AGREEMENT REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

**COLUMBIA ENERGY PARTNERS, LLC**,

        Intervenor-Defendant,

and

**HARNEY COUNTY**,

        Intervenor-Defendant.

## SETTLEMENT AGREEMENT

WHEREAS, Oregon Natural Dessert Association and Audubon Society of Portland ("Plaintiffs") filed a complaint [1] challenging the United States Department of the Interior and the Bureau of Land Management's ("Federal Defendants") decision to approve a right of way for the development of the Echanis Wind Project under the Federal Land Policy and Management Act of 1976, 43 U.S.C. §§1701–1787, the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 *et seq.*, the Steens Mountain Cooperative Management and Protection Act of 2000, 16 U.S.C. §§ 460nnn *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*;

WHEREAS, this Court granted Federal Defendants' cross motion for summary judgment [51] on all claims in its 2013 Order [80];

WHEREAS, Plaintiffs appealed [82] this Court's judgment [81] to the United States Court of Appeals for the Ninth Circuit, which reversed and remanded this Court's decision on October 31, 2016 [84];

WHEREAS, this Court ordered the BLM's decision to be vacated on April 18, 2017 [108], and entered a final judgment for Plaintiffs on April 21, 2017 [109];

WHEREAS, the Parties, without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' petition for attorney fees and costs [110], have reached a

settlement that they consider to be a lawful resolution of Plaintiffs' claim for attorneys' fees, costs, and expenses;

THEREFORE, the Parties hereby stipulate and agree to the following:

1. Federal Defendants agree to pay a total of $573,514.14 in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and/or any other statute and/or common law theory, for all attorneys' fees, costs, and expenses incurred by Plaintiffs in this litigation in the District of Oregon and the Court of Appeals for the Ninth Circuit.

2. Plaintiffs agree that receipt of the amount in Paragraph 1 from Federal Defendants shall operate as a release of any and all claims for attorneys' fees, costs, and expenses that Plaintiffs may seek to pursue in this matter relating to litigation or settlement. Provided, however, that Plaintiffs are not barred by this or any other provision of this Settlement Agreement from seeking attorney fees, costs, and expenses incurred to enforce the terms of this stipulation; subject, however, to all available defenses, including that Plaintiffs are not entitled to attorney fees, costs, or expenses related to enforcement of the Settlement Agreement.

3. Within five (5) days of the date this Settlement Agreement becomes effective by and through the Court's ordering that the Settlement Agreement is approved and incorporated into the terms of the Court's Order as provided below, Plaintiffs' counsel shall provide the following information to counsel for Federal Defendants:

    a. Bank name
    b. Bank address
    c. Routing number
    d. Account number
    e. Name of Account
    f. Federal Taxpayer Identification number

4. Federal Defendants will promptly initiate the process for securing payment of the above-referenced sum and Federal Defendants' counsel will provide documentation (via email) to Plaintiffs' counsel advising of the initiation of that process. Federal Defendants shall make their best effort to transmit payment to Plaintiffs no later than thirty (30) days after Plaintiffs' counsel provides the information listed above. Federal Defendants' counsel will also provide notice by email to Plaintiffs' counsel that the electronic funds transfer has been made. Payment of this sum shall constitute satisfaction in full of Federal Defendants' obligations under this Settlement Agreement as well as any claim for costs of suit or attorney fees arising out of these actions, except as otherwise provided above.

5. Upon the Court's approval of this Settlement Agreement, as provided below, Plaintiffs hereby withdraw their motion for attorney fees and costs.

6. In the event of a dispute arising out of or relating to this Settlement Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement, the party raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The Parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good faith effort to resolve the claim before seeking further relief. If the Parties are unable to resolve the disputes themselves within thirty (30) days of the receipt of the notice of a claim or such longer time to which they agree, either party may seek relief in court.

7. Plaintiffs acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the

attorney fee award Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

8. Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Federal Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law. Nothing in this Settlement Agreement is intended to or shall be construed to otherwise extend or grant this Court jurisdiction to hear any matter, except as expressly provided in the Settlement Agreement.

9. The fact that the Parties are entering into this Settlement Agreement does not constitute, and shall not be construed as, an admission or concession on the part of either the Parties with respect to any issues related to the claims Plaintiffs have presented in their motion for attorneys' fees and costs in this case. This Settlement Agreement has no precedential value and shall not be used as evidence of such in any litigation.

10. The terms of this Settlement Agreement constitute the entire agreement of the Parties, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be recognized or enforced. Except as expressly stated herein, this Settlement Agreement supersedes all prior agreements, negotiations, and discussions between the Each of the Parties' undersigned representatives certifies that they are fully authorized to enter into and execute the terms and conditions of this Settlement Agreement, and do hereby agree to the terms herein.

11. The terms of this Settlement Agreement shall become effective upon entry of an order by the Court approving the Settlement Agreement as provided in the signature box below. The Parties request the Court to retain jurisdiction for the sole purpose of enforcing

STIPULATED ORDER AND SETTLEMENT AGREEMENT REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

compliance with the terms of this Settlement Agreement or resolving any disputes concerning its implementation, until Federal Defendants satisfy their obligations under the Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). The Parties agree that they may only seek enforcement of this Settlement Agreement, and the Parties therefore knowingly waive any right that they might have to seek an order of contempt for any such violation.

12. This Settlement Agreement is the result of compromise and settlement, and it is based on and limited solely to the facts involved in the claims subject to this Settlement Agreement. This Settlement Agreement does not represent an admission by any party to any fact, claim, or defense concerning any issue in this case. Further, this Settlement Agreement has no precedential value and shall not be used as evidence of such in any litigation or in any administrative proceeding.

Having reviewed and approved of the foregoing stipulation of the parties, and hereby incorporating it into the terms of this Order,

IT IS SO ORDERED this ___9th___ day of ___August___ 2018.

/s/ Michael W. Mosman
_____
MICHAEL W. MOSMAN
Chief United States District Judge

Dated: August 8, 2018.      SUBMITTED BY:

*s/ Peter M. ("Mac") Lacy*

Peter M. ("Mac") Lacy (OSB # 01322)
Oregon Natural Desert Association
917 SW Oak Street, Suite 419
Portland, OR 97205
(503) 525-0193
lacy@onda.org

*Of Attorneys for Plaintiffs*

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*s/ Dedra S. Curteman*

DEDRA S. CURTEMAN, Illinois Bar No. 6279766
Trial Attorney, Natural Resources Section
Environment and Natural Resources Division
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0446 / Fax: (202) 305-0506
Email: dedra.curteman@usdoj.gov

*Attorneys for Federal Defendants*

Brad Grenham
Veronica Larvie
Ty Bair
U.S. Department of the Interior
Office of the Solicitor

*Of Counsel for Federal Defendants*

STIPULATED ORDER AND SETTLEMENT AGREEMENT REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS